OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | No. 89-301 |
| of | : | |
| | : | AUGUST 31, 1989 |
| JOHN K. VAN DE KAMP | : | |
| Attorney General | : | |
| | : | |
| RODNEY O. LILYQUIST | : | |
| Deputy Attorney General | : | |
| | : | |

THE COMMISSION ON TEACHER CREDENTIALING has requested an opinion on the following questions:

1. May information disclosed at an executive session of the Commission on Teacher Credentialing to the designee of the Superintendent of Public Instruction be discussed by the designee with the Superintendent without the authorization of the Commission?

2. May information disclosed at an executive session of the Commission on Teacher Credentialing be discussed by the Superintendent of Public Instruction with legal counsel for the Department of Education without the authorization of the Commission?

CONCLUSIONS

1. Information disclosed at an executive session of the Commission on Teacher Credentialing to the designee of the Superintendent of Public Instruction may be discussed by the designee with the Superintendent without the authorization of the Commission.

2. Information disclosed at an executive session of the Commission on Teacher Credentialing may be discussed by the Superintendent of Public Instruction with legal counsel for the Department of Education without the authorization of the Commission.

ANALYSIS

The Commission on Teacher Credentialing ("Commission") is a state administrative body with duties that include (1) adopting standards for the accreditation of teacher preparation programs, (2) establishing professional standards, (3) determining the scope of teacher credentials, and (4) specifying the requirements for obtaining and renewing various types of teacher credentials, certificates, and permits. (Ed. Code, § 44225; see 66 Ops.Cal.Atty.Gen. 212 (1983); 54

1. 89-301

Ops.Cal.Atty.Gen. 257 (1971).)[1] The Commission is also responsible for denying, suspending, and revoking teacher credentials pursuant to specified procedures. (§§ 44242-44246; see 61 Ops.Cal.Atty.Gen. 353, 363-364 (1978).)

The two questions presented for resolution concern confidential information that is disclosed during an executive session of the Commission held to consider the revocation of a teacher credential. Attending the session is a designee of the Superintendent of Public Instruction ("Superintendent"). May the designee disclose the information to the Superintendent without the authorization of the Commission? If the designee may do so or if the Superintendent is personally present during the executive session, may the Superintendent disclose the information to the legal counsel for the Department of Education ("Department") without the authorization of the Commission? We conclude that the designee may disclose the information to the Superintendent and the Superintendent may disclose the information to the Department's legal counsel without the authorization of the Commission.

The Legislature has established the Commission under the provisions of section 44210, which states in part:

"There is hereby established in the state government the Commission on Teacher Credentialing, to consist of 15 voting members, 14 of whom shall be appointed by the Governor with the advice and consent of the Senate, as specified in subdivisions (b) to (g), inclusive. The commission shall consist of the following members:

"(a) The Superintendent of Public Instruction or his or her designee.

"(b) Six practicing teachers from public elementary and secondary schools in California.

"(c) One person who is employed on the basis of a services credential other than an administrative services credential.

"(d) One member of a school district governing board.

"(e) Four representatives of the public. . . .

"(f) One school administrator in a public elementary or secondary school in California.

"(g) One faculty member from a college or university that grants baccalaureate degrees.

"With the exception of the four representatives of the public and the Superintendent of Public Instruction, the appointment of a member shall terminate if he or she is no longer a practicing teacher in a public elementary or secondary school, or a person who is employed on the basis of a valid services credential, or a school administrator, or a faculty member of a college or university that grants

---

1. All references hereafter to the Education Code are by section number only.

baccalaureate degrees, or a school district governing board member, as may be the case, in California . . . ."  (Emphasis added.)[2/]

The meetings of the Commission are normally open to members of the public.  (§ 44231.)  Section 44245, however, states:

"All meetings and hearings of the commission and Committee of Credentials to consider the suspension or revocation of credentials shall be executive and closed sessions with only commission members, committee members, staff members, the certified employee whose application or credential is in issue, the counsel of such employee, and any material witnesses in attendance."[3/]

With this statutory background in mind, we turn to the central statute requiring interpretation and application to the factual situations presented.  Subdivision (a) of section 44248 provides:

"Any member of the commission, commission staff member, member or staff member of the Committee of Credentials, [or] State Department of Education employee who releases or gives out information received at a commission or committee meeting or hearing or through the investigation of a certified employee without authorization of the commission or committee, is guilty of a misdemeanor."

Under the provisions of section 44248, therefore, it would be a crime for a Commission member to give out information received at a Commission meeting without the authorization of the Commission.  Does this statutory prohibition have any effect upon disclosures made by the Superintendent's designee to the Superintendent and by the Superintendent to the Department's legal counsel?

1.  Designee Disclosing to Superintendent

In determining whether the disclosure prohibition of section 44248 would prevent the contemplated discussions between the designee and the Superintendent, we first consider which of the two is the "member of the commission."  Is the Superintendent the Commission member whether or not he chooses a designee, or is the designee the Commission member once the designation is made?

Subdivision (a) of section 44210 seemingly indicates that the designee is the Commission member by its use of the conjunction "or" in the phrase "or his or her designee."  Such a construction of the statute would give significance to the term and phrase, and "[i]t is a settled axiom of statutory construction that significance should be attributed to every word and phrase of a statute."  (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1010.)  The remainder of section 44210, on the other hand, suggests that the Superintendent is the member, since it refers only to the Superintendent and makes no reference to the Superintendent's designee where it otherwise would be expected.

---

2.  The Commission also has four ex officio members who, with certain exceptions, have no voting privileges.  (§ 44212.)

3.  The Committee of Credentials is comprised of seven members selected by the Commission to, among other duties, investigate allegations of misconduct by a credential holder.  (§§ 44240-44244.1.)

In resolving this statutory ambiguity, we are guided by principles of construction recently summarized in *Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386-1387, where the Supreme Court said:

"Pursuant to established principles, our first task in construing a statute is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. In determining such intent, a court must look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose. A construction making some words surplusage is to be avoided. The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible. [Citations.] Where uncertainty exists consideration should be given to the consequences that will flow from a particular interpretation. [Citation.] Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent. [Citations.]"

As part of a statute's legislative history, the reports of legislative committees (see *Hutnick* v. *United States Fidelity & Guaranty Co.* (1988) 47 Cal.3d 456, 465, fn. 7) and of the state's Legislative Analyst (see *Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, 300) may properly be considered in analyzing the meaning of the language employed.

We have examined at length the legislative history of the amendment of section 44210 that made the Superintendent a voting member of the Commission. When this change occurred in 1988 (Stats. 1988, ch. 1355, § 4.5), the report of the Senate Rules Committee described the proposed change (referring to the Superintendent as the "SPI") as follows:

"Reduces the voting membership of CTC from 17 to 15 members. The membership of CTC would include the SPI, six classroom teachers, four public representatives, one school administrator, one other services credential holder, one school board member, and one faculty member."

This same declaration of the proposed amendment's effect was contained in the report of the Assembly Committee on Education. The report of the state Legislative Analyst similarly declared:

"Specifically, under this bill, the commission would be composed of six teachers, four public representatives, and one representative each of school administrators, other certificated employees, local school board members, university faculty, and the Superintendent of Public Instruction."

The legislative history of the 1988 amendment of section 44210 refers solely to the Superintendent as the new voting member of the Commission. The Superintendent's designee is not mentioned as a possible member; indeed, we have found no reference to the designee in the legislative history of the 1988 amendment.

The legislative history also fails to mention the Superintendent's authority in choosing a designee. Is the selection to be made under the general language of section 44210 or under some other statutory authorization? We are informed by the Superintendent that the

4. 89-301

present designee has the qualifications of subdivision (f) of section 33112[4] for purposes of Government Code section 7.9. Subdivision (a) of section 7.9 of the Government Code states:

"Notwithstanding any provision of law to the contrary, the Controller, the Treasurer, the Director of Finance, or the Superintendent of Public Instruction may designate any deputy of his or her office to act in his or her place and stead on any state board, commission, committee, or governing board of a state agency with respect to the exercise of statutory powers and duties of any of those bodies. The deputy, while sitting on a board, commission, committee, or governing board of a state agency may exercise the same powers that the Controller, the Treasurer, the Director of Finance, or the Superintendent of Public Instruction may exercise as if he or she were personally present. The Controller, the Treasurer, the Director of Finance, or the Superintendent of Public Instruction so designating a deputy shall be responsible for the acts of the deputy acting under the designation in the same manner and to the same extent that the Controller, the Treasurer, the Director of Finance, or the Superintendent of Public Instruction is responsible for the acts of the deputy performing his or her official duties as deputy to the Controller, the Treasurer, the Director of Finance, or the Superintendent of Public Instruction."[5]

Construing section 44210 in light of its legislative history and in conjunction with these related statutes, we believe that the Superintendent is the Commission member even when he selects a designee to serve in his place. He acts through the designee and is responsible for all acts of the designee with respect to the Commission's activities. The participation by the designee at an executive session of the Commission may be considered as though the Superintendent were personally present. The designee exercises the powers of and is subject to the restrictions governing the Superintendent and does not have independent membership authority on the Commission.

Returning to the controlling language of subdivision (a) of section 44248, we find that it refers to a Commission member "who releases or gives out" information without proper authorization. To "give out" is "to make known to or as if to the public." (Webster's Third New Internat. Dict. (1966) p. 960.) "Release" may be similarly defined. (*Id.*, at p. 1917.)

---

4.  Section 33112 provides:

"The Superintendent of Public Instruction shall:

" . . . . . . . . . . . . . . . . . . . . . . . . .

"(f) Designate and appoint, or terminate the designation and appointment of, any officer or employee of the department to have the powers and liabilities of a deputy, including designation pursuant to Section 7.9 of the Government Code, which appointment and termination of appointment shall be effective when filed in writing in the office of the Secretary of State."

5.  Additionally, Government Code section 7.6 provides separate and independent authority for the Superintendent to designate certain of his deputies "to act . . . in [his] place and stead, to all intents and purposes as though [he] were personally present" during the proceedings of a state board, commission, or committee of which he is a statutory member. (See 70 Ops.Cal.Atty.Gen. 250, 252-253 (1987).)

Here, the Superintendent is not to be considered a member of the public but rather is the Commission member. The Superintendent's designee does not "release or give out" Commission information by disclosing the information to the Superintendent, a Commission member. The latter participates in the Commission's activities through his designee; disclosures between the two are outside the scope of section 44248.

In answer to the first question, therefore, we conclude that information disclosed at an executive session of the Commission to the designee of the Superintendent may be discussed by the designee with the Superintendent without the authorization of the Commission.

2. Superintendent Disclosing to Department Legal Counsel

The Superintendent holds a constitutional office to which he is elected by the voters of the state. (Cal. Const., art. IX, § 2.) He is also the Director of Education, the statutory executive officer of the Department. (§§ 33300-33305; 56 Ops.Cal.Atty.Gen. 556, 560 (1973).) The Department is authorized to have its own legal counsel. (§ 33110; Gov. Code, §§ 11041-11042.) The Superintendent is a member of the Commission in his role as a constitutional officer.

The Commission, as created under section 44210, is independent of the Department. However, "[t]he Department of Education shall assist the commission in any manner the commission may request . . . ." (§ 44222.) Legislature has provided the Commission with its own staff. Section 44221 states in part:

"The commission may employ such personnel as may be necessary to carry out its duties and responsibilities. The staff of the commission shall be subject to the relevant system and procedures of the state civil service."

The Commission has its own legal counsel who provides advice and representation independent of the Department's legal counsel.

Whether the Superintendent may disclose Commission information to the Department's legal counsel without Commission authorization is not readily apparent from a superficial reading of the relevant statutes. Nonetheless, we believe that the answer may be found in the language of section 44248 when read in light of the Superintendent's unique role as a Commission member.

Section 44248 prohibits any "State Department of Education employee" from disclosing Commission information without proper authorization. The statute thus expressly covers disclosures by the Department's legal counsel. This indicates that disclosures to the legal counsel would not be considered as "outside" disclosures by the Legislature, since the statute's coverage extends to the legal counsel as well.

The language of section 44248 clearly contemplates that at least some Department employees will be in possession of confidential Commission information. The Legislature has provided a close association between the Commission and the Department in the performance of official duties. (See § 44222.) This is particularly true with respect to the Superintendent's status as a Commission member.

The Superintendent is the only "ex officio" member of the Commission; he is a Commission member by virtue of his constitutional office. His powers as a Commission member are by operation of law. (§ 44210.)     In contrast, the other Commission members are selected by

the Governor with the advice and consent of the Senate.  (Ibid.)  Their Commission powers are not conferred upon them by operation of law but rather by the act of an individual, the Governor.

Various consequences flow from this distinction between an "ex officio" board member and one who is not.  (See 62 Ops.Cal.Atty.Gen. 479, 490-492 (1979); 49 Ops.Cal.Atty.Gen. 85, 86 (1967); 29 Ops.Cal.Atty.Gen. 145, 148-149 (1957); 24 Ops.Cal.Atty.Gen. 56, 58 (1954).) For our purposes, it is important to recognize that the Superintendent's role on the Commission is to give the perspective of his office.

The Legislature has provided the Superintendent with the Department's legal counsel for consultation and advice in connection with the rendering of his public duties.  To deny the Superintendent the legal assistance of his office established by statute would measurably diminish the very purpose and perspective for which the Legislature has placed him on the Commission.

Under these circumstances, we are not prepared to say that Commission authorization is required for the Superintendent to discuss Commission information with the Department's legal counsel in order to fully perform his official duties.  These private discussions in the furtherance of official responsibilities do not constitute the "outside" disclosures prohibited by section 44248.  (See *Parrott* v. *Rogers* (1980) 103 Cal.App.3d 377, 383.)

In answer to the second question, therefore, we conclude that information disclosed at an executive session of the Commission may be discussed by the Superintendent with legal counsel for the Department without the authorization of the Commission.

\* \* \* \* \*